UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PIONEER MILITARY LENDING, INC.;
and PIONEER MILITARY LENDING
OF NEVADA, INC.,

        NO. CIV. S-06-1445 LKK/PAN

    Plaintiffs,

   v.

PRESTON DUFAUCHARD, Commissioner,
Department of Corporation, State
of California,

    Defendant.
_____/

**ORDER EXTENDING TEMPORARY RESTRAINING ORDER**

On July 3, 2006, after hearing oral argument, Judge William B. Shubb entered a temporary restraining order ("TRO") against the defendants in this matter and scheduled the preliminary injunction hearing for July 13, 2006 at 10:00 a.m. before the undersigned.

////

////

////

1

1   The Federal Rules of Civil Procedure provide that a TRO:

> shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

Fed. R. Civ. P. 65(b).[1] See Bennett v. Medtronic, Inc. 285 F.3d 801, 804 (9th Cir. 2002)(citing rule).

For good cause shown (in order to allow the court time to adequately prepare for the preliminary injunction hearing),[2] the court hereby ORDERS as follows:

1. The TRO, issued on July 3, 2006, shall continue in effect until July 23, 2006 at 10:00 a.m. (or until the court issues its order on the motion for preliminary injunction, whichever occurs

---

[1] "A district court is permitted to extend a TRO for 'a like period' if 'good cause' is shown. The Supreme Court has interpreted the phrase 'a like period' as permitting a court to extend the TRO for 'up to an additional 10 days.'" In re Criminal Contempt Proceedings Against Gerald Crawford, Michael Warren, 329 F.3d 131, 136 (2nd Cir. 2003)(citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 440 n. 15 (1974)).

[2] See State of Maine v. Fri, 483 F.2d 439, 441 (1st Cir. 1973)("as long as the hearing on the preliminary injunction is held expeditiously within the appropriate time frame, the district court should be able to extend the restraining order while it prepares its decision."); United States v. PATCO, 527 F.Supp. 1344, 1347, n. 1 (N.D. Ill. 1981)(District Court relies upon above quoted language from Fri to justify a brief, two day extension of a Temporary Restraining Order in order that the status quo could be preserved, while the decision on the Plaintiff's Motion for Preliminary Injunction was being prepared). See also 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2953 (citing Fri to support the proposition that, despite the language of Rule 65(b), courts have some limited discretion to extend a Temporary Restraining Order beyond a second ten-day period).

1  first).
2     2.  The preliminary injunction hearing scheduled for July 13,
3  2006 at 10:00 a.m. is CONTINUED to July 20, 2006 at 2:00 p.m.
4     3.  No further briefing by the parties shall be entertained.
5     IT IS SO ORDERED.
6     DATED:  July 11, 2006

                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT